SNELLING v. BROWN.

1. VARIANCE—BILL OF PARTICULARS—CONTRACTS.
    It was not a fatal variance from the bill of particulars furnished by plaintiff claiming the balance of the price of 1,000 Christmas trees, the size of 700 trees being stated in the bill, and no size mentioned as to the remainder, which, according to the evidence, were to be of a size different to those mentioned in the bill.

2. ASSUMPSIT—SALES—DAMAGES.
    In an action for Christmas trees delivered to the defendant, who claimed they were not in accordance with his contract, plaintiff could recover under the common counts the value of the trees delivered.

3. TRIAL—SPECIAL VERDICT—QUESTIONS.
    Special questions presented to the jury are properly refused if they are not controlling of some one of the issues.

4. SAME—EVIDENCE.
    As to a contract made between plaintiff and a third person the court properly instructed the jury that it made no difference.

5. SAME—EVIDENCE.

> Conversation between the parties to the sale as to the condition of the subject-matter at the time of delivery, and plaintiff's statement that if they were of inferior quality a proper allowance would be made, was admissible in evidence.

6. CROSS-EXAMINATION.

> It was proper to permit cross-examination of defendant relative to negotiations with plaintiff for a settlement.

Error to Kent; McDonald, J. Submitted June 20, 1911. (Docket No. 109.) Decided October 2, 1911.

Assumpsit in justice's court by William Snelling against Alfred J. Brown for goods sold and delivered. Plaintiff removed the cause to the circuit court from an insufficient judgment and recovered a larger amount on the trial. Defendant brings error. Affirmed.

*Cleland & Heald,* for appellant.

*Martin H. Carmody,* for appellee.

MOORE, J. Plaintiff resides in the city of Grand Rapids, and has been engaged a little each year for about six years in buying and selling Christmas trees. Defendant is in the seed business, and handles Christmas trees. Plaintiff sold to defendant a quantity of trees. There was a dispute in relation thereto. On December 23, 1909, plaintiff commenced this action in justice's court. The return of the justice shows:

"The plaintiff declares orally, upon all the common counts in assumpsit, especially for goods sold and delivered, for work and labor, and material furnished, and money loaned and furnished by plaintiff. Damages, $500 or under. The defendant pleads orally general issue, and gives notice of recoupment, and asks for security for costs."

A bill of particulars was furnished. Omitting the formal parts, it reads as follows:

"On or about December 4, 1909, an arrangement was

entered into by plaintiff and defendant, by which plaintiff was to furnish defendant with 1,000 Christmas trees, of sizes as follows: 300 trees 6 by 8 feet high. 200 trees 9 by 11 feet high. 100 extra large bushy trees. 100 small table trees. Which trees were delivered by plaintiff and received by defendant, for which there is due plaintiff $215."

The case was appealed to the circuit court, where it was tried before a jury. From a judgment in favor of the plaintiff, the case is brought here by writ of error.

Counsel say the questions raised are:

(1) There was a fatal variance between the contract set out in the plaintiff's bill of particulars and the contract proved.

(2) The plaintiff did not deliver the trees he contracted to deliver, and should not have been permitted to recover.

(3) Defendant's request for the submission of the following special question to the jury should have been granted:

"Did the plaintiff load the car intended for the defendant with the number of Christmas trees of the sizes and quality specified in the contract?"

(4) It was error to instruct the jury that it made no difference what kind of a contract plaintiff made with Risk.

(5) Plaintiff should not have been permitted to state to the jury what he said to defendant as to the condition of the trees after their arrival.

(6) The plaintiff should not have been permitted to testify as to his intention in cutting the trees.

(7) Plaintiff should not have been permitted to testify that in making his measurements the trees had to run over length.

(8) Defendant should not have been required to testify as to his negotiations for settlement with plaintiff.

(9) It was error not to grant defendant's motion for a new trial.

We will consider these assignments in the order in which they are presented.

1. A reference to the bill of particulars shows that of the 1,000 trees sold no statement is made in the bill of

particulars in relation to the size of 300 of them. Another answer is that no objection was made to the testimony on the ground that it was not covered by the bill of particulars until counsel commenced to argue the case. The margin of 300 trees about which nothing is said as to the sizes thereof is quite sufficient to take care of any supposed variance as to proofs.

2. There was a sharp conflict in the testimony as to whether plaintiff had delivered the trees according to contract. It may be suggested, also, that under the common counts in assumpsit he could recover for the goods sold and delivered.

3. The special question was not controlling.

4. The controversy was not between the plaintiff and Mr. Risk, but was between the plaintiff and defendant. As to that controversy the jury were properly instructed.

5. It was the claim of plaintiff that, after defendant received the trees, he complained about the quality of some of them, and that it was agreed that, if they were not of proper quality, a proper allowance would be made. We think the evidence was competent.

6. If any error was committed under this head, it was error without prejudice.

7. It was proper for the plaintiff to testify as to the condition of the trees and their measurements, in view of the claim of defendant that some of them were not of sufficient length.

8. This was proper cross-examination.

9. We agree with the trial judge that the case was carefully tried, and that there was testimony fairly justifying the verdict.

Judgment is affirmed.

McAlvay, Brooke, Blair, and Stone, JJ., concurred.